IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BARBARA PRYJDA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>THE LANDINGS HOMEOWNERS )<br>ASSOCIATION, INC. and THE )<br>LANDINGS CONDOMINIUM )<br>ASSOCIATION FOR BUILDING J, )<br>INC. )<br>)<br>Defendants. ) | No. 12-CV-4206 |

**COMPLAINT**

Barbara Pryjda, for her Complaint against the Landings Homeowners Association, Inc. and the Landings Condominium Association for Building J, Inc. (collectively referred to as "the Landings"), states as follows:

**I.     INTRODUCTION**

1.     Barbara Pryjda is a 63 year old Polish immigrant who became an American citizen in 1997. She has a physical disability that makes it difficult and painful for her to walk and to get in and out of her car. Because of her disability, she requested an accessible parking space near her building, as a reasonable accommodation under the Fair Housing Act.

2.     The Landings refused this reasonable request and retaliated against Mrs. Pryjda by: painting over the wheelchair symbol on the very parking space that Mrs. Pryjda requested as a reasonable accommodation, circulating a petition asking residents to oppose placement of an

accessible parking space in front of Mrs. Pryjda's building, and publicly denigrating Mrs. Pryjda when she ran for a position on the condominium board.

3.  The Landings' refusal to provide an accessible space and retaliation violate the Fair Housing Amendments Act, 42 U.S.C. § 3604(f)(3)(B), and the Illinois Condominium Property Act, 765 ILL. COMP. STAT. 605/18.4(q), which prohibit condominium associations from discriminating against people with disabilities. To remedy the Landings' discriminatory conduct, Mrs. Pryjda seeks declaratory and injunctive relief, as well as damages.

## II. JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a). Mrs. Pryjda's claims for declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201-02. Mrs. Pryjda has suffered and continues to suffer from irreparable injury for which there is no adequate remedy at law, thereby rendering appropriate the imposition of injunctive relief.

5.  Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b) because Mrs. Pryjda resides there and because a substantial part of the events or omissions giving rise to her claims arose there.

## III. PARTIES

6.  Barbara Pryjda is 63 years old and has a physical disability. Since 1995, she has lived in Unit 401 at 9396 Landings Lane, Building J, at the Landings Lane Condominiums in Des Plaines, Illinois. She is Polish, moved to the U.S. in 1991, and became a U.S. citizen in 1997. Mrs. Pryjda raises her grandchild, who also has a disability. Mrs. Pryjda has sciatica, a chronic back condition, which causes pain and weakness in her legs and makes it difficult and painful to walk.

7. Upon information and belief, the Landings Homeowners Association, Inc., and the Landings Condominium Association for Building J, Inc. are Illinois corporations. Their principle place of business is in Des Plaines, Illinois. Under Illinois law, 765 ILL. COMP. STAT. 605/18.3, (a) the Landings Homeowners Association is responsible for the overall administration of the Landings Lane Condominiums, including parking areas, and (b) the Landings Condominium Association for Building J is responsible for the administration of Building J and its parking areas.

## IV. FACTS

### A. Reasonable Accommodation Request

#### 1. An Accessible Parking Space is Necessary

8. Mrs. Pryjda is a person with a disability as defined by the Fair Housing Act. 42 U.S.C. § 3602(h). She has sciatica, chronic back pain, and a herniated disc. These conditions cause pain, weakness, and limited mobility in her legs, back, and neck. Letter from Dr. Nancy R. Novotny to Andrea Juracek, November 13, 2009, Exhibit A. It is difficult and painful for her to walk, twist her body, and enter and exit her car. She often uses a cane to assist with walking. Mrs. Pryjda has a disability parking placard.

9. Because of her disabilities, Mrs. Pryjda requested a parking space that (a) is close to her building entrance and (b) has enough space next to her car to allow her fully to open her car door.

10. Mrs. Pryjda asked to be assigned a parking space close to Building J, the building that she lives in, because it is difficult and painful for her to walk. It is especially difficult for her to walk a long distance to her car in the winter when there is ice, slush, and snow on the ground, and strong winds.

11. Mrs. Pryjda needs a parking space wide enough to allow her fully to open her car door. To enter her car, Mrs. Pryjda must brace herself against the driver's side seat, slide herself down onto the seat, and extend her legs outward and away from the car. After she does this, she can swing her legs into the car. To execute these movements, her car door must open wide. She cannot do this if her car is parked in a narrow spot.

### 2. Parking at Building J

12. The Landings Lane Condominium complex has 15 condominium buildings designated as Buildings A through S. Diagram of The Landings, Exhibit B. There are parking lots throughout the complex.

13. Three parking areas serve Mrs. Pryjda's building: (a) a covered parking garage; (b) an outdoor parking lot; and (c) three parking spaces located between Building J, where she lives, and Building H, which is across from Building J. The Landings controls all of these parking areas.

14. The covered garage is on grade directly below Building J. The spaces in the garage are reserved for unit owners, one space per unit. The parking space assigned to Mrs. Pryjda's unit is space #401. Although this space is close to her building, it is not accessible to her and she does not park there. The space is narrow, located in a corner of the garage, and adjoined by a brick wall on one side and a concrete column on the other. Because of its configuration, Mrs. Pryjda cannot fully open her car door in this space.

15. The outdoor parking lot is located well east of the building. Any resident or guest can park in this lot on a first come, first served basis. Mrs. Pryjda currently parks in this lot. She tries to find a space that minimizes the distance she walks to her building. However, she often must park in a space far from her building. When this occurs, she walks a great distance in

severe pain. On two such occasions she fell, once injuring her shoulder and once spraining her ankle.

16. Buildings J and H sit across from each other. Between Buildings J and H, there are three unassigned parking spaces that are available to residents or guests on a first come, first served basis. These three spaces are aligned between Buildings J and H on the west border of the Landings condominium complex. Either of the two end spaces would accommodate Mrs. Pryjda's disability. These two spaces are close to her building entrance and allow enough space for her fully to open her car door. Unfortunately, these spaces are not a reliable parking option for Mrs. Pryjda because they are usually filled.

17. At one time, one of the spaces between Buildings J and H was designated as reserved for people with disabilities. The Landings removed this designation in June 2008, after Mrs. Pryjda requested that she be assigned this space. Mrs. Pryjda requests that the Landings assign one of the two end spaces to her as a reasonable accommodation under the Fair Housing Act.

### 3. Requests for an Accessible Parking Space

18. On June 26, 2008, at a Landings Homeowners Association meeting, Mrs. Pryjda verbally made her first request for an accessible parking space as a reasonable accommodation. After the meeting, Mrs. Pryjda followed up with Shirley Friedman, who at the time was the Treasurer of the Landings Condominium Association for Building J. In addition to explaining her need for this accommodation, Mrs. Pryjda gave Ms. Friedman documents describing her medical condition. Mrs. Pryjda also followed up with Marina Porto, an employee at the Landing's clubhouse office. Mrs. Pryjda never received a response to her request.

19. In a letter dated September 19, 2008, Mrs. Pryjda again made her request for this reasonable accommodation. Letter from Barbara Pryjda to Landings Homeowners Association, September 19, 2008, Exhibit C. Mrs. Pryjda hand-delivered the letter to Ms. Porto. A few weeks later, Mark Grzymala, who at the time was the President of the Landings Homeowners Association, informed Mrs. Pryjda that her request was denied.

20. Mrs. Pryjda eventually retained legal counsel. Counsel sent two letters to the Landings, dated September 4, 2010, and October 13, 2010, respectively, seeking the reasonable accommodation. Letters from Kalisa Gary to Rick Erickson, September 4, 2010, Exhibit D, and October 13, 2010, Exhibit E. The Landings failed to respond to either letter. To date, the Landings has never assigned an accessible parking space to Mrs. Pryjda.

### 4. Administrative Complaint

21. On October 28, 2008, well before retaining counsel, Mrs. Pryjda filed a complaint with the U.S. Department of Housing and Urban Development (HUD). The complaint charged that the Landings' failure to provide a reasonable accommodation violated her rights under the Fair Housing Act. On or about January 16, 2009, HUD transferred the complaint to the Illinois Department of Human Rights (IDHR) for investigation, pursuant to the work sharing agreement between the two agencies, where it was investigated as a discrimination charge.

22. During its investigation, IDHR failed to provide Mrs. Pryjda, who is not fluent in English, with a Polish-speaking interpreter, despite her request for an interpreter to facilitate communication. Hence, Mrs. Pryjda had great difficulty speaking with and understanding the IDHR investigator during phone calls and their one face-to-face meeting.

23. Upon information and belief, Defendants were represented by counsel during the investigation.

24. Based upon IDHR's inadequate investigation, IDHR dismissed the matter on September 10, 2009. There was no adjudication of Mrs. Pryjda's claims because IDHR did not proceed beyond the investigation stage -- there was no hearing before an impartial arbiter, no discovery by and between the parties, and no opportunity to present and cross-examine witnesses.

25. On October 14, 2009, in an effort to re-open her IDHR case, Mrs. Pryjda, still without counsel, filed a Request for Review of IDHR's dismissal with the Illinois Human Rights Commission (IHRC). On April 28, 2010, IHRC sustained the dismissal. On July 12, 2010, IHRC mailed the Order sustaining the dismissal to the parties.

26. On August 26, 2010, Mrs. Pryjda filed an appeal of the IHRC decision to the Appellate Court of Illinois, First Appellate District. On November 12, 2010, Mrs. Pryjda moved to withdraw this appeal. On December 2, 2012, the appeal was ordered dismissed.

### B. Retaliation Against Mrs. Pryjda for Exercising Her Fair Housing Rights

27. The Landings retaliated against Mrs. Pryjda in at least three distinct ways: (a) converting disability-only parking spaces into regular spaces, including a specific space she requested as a reasonable accommodation, (b) circulating a petition asking residents to oppose placement of an accessible parking spot in front of Building J, and (c) publicly denigrating Mrs. Pryjda for having exercised her fair housing rights.

28. Soon after Mrs. Pryjda made her reasonable accommodation request at the Landings Homeowners Association meeting on June 26, 2008, the Landings converted first come, first served disability-only parking spaces into first come, first served conventional spaces. This included one of the spaces located between Buildings J and H that Mrs. Pryjda requested as a reasonable accommodation. The Landings accomplished this conversion by removing the

7

disability parking signs and painting over the disability symbol on the pavement of these spaces. Photo of parking space between Building J and H with a square painted over the disability parking designation, Exhibit F. By taking this action, the Landings opened these spaces to all residents and guests, thereby greatly minimizing Mrs. Pryjda's parking options.

29. Two weeks after Mrs. Pryjda's counsel sent the September 4, 2010 letter seeking an accessible parking space, Eileen Schumann, a Board member for Building J, circulated a petition during a Board meeting of the Landings Condominium Association for Building J. The petition asked residents to oppose placement of an accessible parking space in front of Building J. Ms. Friedman, one of the Building J Board members to whom Mrs. Pryjda had made her original reasonable accommodation request, signed the petition during the meeting.

30. The third instance of retaliation occurred on January 24, 2011, in relation to elections for the Board of Directors for the Landings Condominium Association for Building J. Mrs. Pryjda ran for the Board. Prior to this election, a letter was sent to unit owners in Building J. Letter from Russ Naimer, Eileen Schumann, and Dave Edel, undated, Exhibit G. The letter disparages Mrs. Pryjda for exercising her fair housing rights. The letter describes Mrs. Pryjda's IDHR complaint as "under-handed selfishness." The letter also blames Mrs. Pryjda for special assessments and costs incurred by the Landings in hiring an attorney, stating "these Human Rights complaints have cost each of us thousands of dollars." The letter is signed by Ms. Schumann, the Board member who circulated the aforementioned petition.

## V. CAUSES OF ACTION

### Count I: Violation of the Fair Housing Act

31. Mrs. Pryjda re-alleges and incorporates Paragraphs 1-30 as if fully set forth herein.

32. The Fair Housing Act prohibits housing providers from discriminating against residents on the basis of disability in "the provision of services or facilities" in connection with housing. 42 U.S.C. § 3604(f)(2).

33. Mrs. Pryjda is a person with a disability under the Act. *See* 42 U.S.C. § 3602(h).

34. Discrimination under the Act includes the refusal "to make reasonable accommodations in rules, policies, practices or services, when such accommodation may be necessary to afford [persons with disabilities] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

35. Assigning an accessible parking space to a resident with a disability is a "reasonable accommodation." 24 C.F.R. § 100.204(b) (example 2).

36. Assigning Mrs. Pryjda an accessible parking space is necessary to afford Mrs. Pryjda the opportunity to use and enjoy her unit on equal terms with non-disabled residents.

37. The Landings controls parking spaces that are accessible or could be made accessible for Mrs. Pryjda.

38. The requested accommodation would not pose an undue burden upon, or constitute a fundamental alternation to, the Landings. The cost of providing this accommodation is minimal. Additionally, this accommodation would not deny any other resident a parking space.

39. The Landings' failure to provide Mrs. Pryjda with an accessible parking space constitutes discrimination under the Act.

40. The Act also makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of . . . any right granted or protected by" the Act. 42 U.S.C. § 3617.

9

41. The Landings' actions of converting disability-only spaces into regular spaces, circulating a petition asking residents to oppose the placement of an accessible parking spot in front of Building J, and publicly denigrating Mrs. Pryjda were coercive, intimidating, and threatening, and interfered with her exercise and enjoyment of rights under the Act.

### Count II: Violation of the Illinois Condominium Property Act

42. Mrs. Pryjda re-alleges and incorporates Paragraphs 1-41 as if fully set forth herein.

43. As a condominium created in Illinois, the Landings is subject to the requirements of the Illinois Condominium Property Act. 765 ILL. COMP. STAT. 605/2.1.

44. The Act requires a condominium association "[t]o reasonably accommodate the needs of a [disabled] unit owner as required by the federal Civil Rights Act of 1968 [the Fair Housing Act] . . . in the exercise of its powers with respect to the use of common elements . . . ." 765 ILL. COMP. STAT. 605/18.4(q).

45. In performing its responsibilities, the Act requires a condominium association and its board to "exercise the care required of a fiduciary of the unit owners." 765 ILL. COMP. STAT. 605/18.4.

46. By failing to approve Mrs. Pryjda's reasonable accommodation request, the Landings has violated the Act.

## VI. PRAYER FOR RELIEF

WHEREFORE, Mrs. Pryjda respectfully requests that this Court grant the following relief:

10

A. Declare that the Landings' acts and omissions constitute illegal discrimination under the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(B) and the Illinois Condominium Property Act, 765 Ill. Comp. Stat. 605/18.4,

B. Order the Landings to designate one of the two end parking spaces located between Buildings J and H for Mrs. Pryjda's exclusive use,

C. Award Mrs. Pryjda her actual damages, including pain and suffering resulting from the Landings' illegal discrimination,

D. Award Mrs. Pryjda punitive damages as a result of the Landings' willful, malicious and reckless conduct,

E. Award Mrs. Pryjda her reasonable attorneys' fees and costs,

F. Enjoin the Landings from charging Mrs. Pryjda for any expenses, damage awards, or civil penalties incurred by the Landings as a result of this case,

G. Order the Landings to develop a policy on providing reasonable accommodations and modifications to residents with disabilities, and

H. Grant any other relief this Court deems appropriate.

## VII. JURY DEMAND

Plaintiff requests a trial by jury.

Dated: May 30, 2012

RESPECTFULLY SUBMITTED,

*[signature]*
Attorney for Mrs. Pryjda

Celiza P. Bragança
Kenneth M. Walden
Kim Borowicz
ACCESS LIVING OF METROPOLITAN CHICAGO
115 West Chicago Avenue
Chicago, IL 60654
Tel: (312) 640-2100/Fax (312) 640-2101